**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DON THOMASON | : | Case No. 1:17-cv-526 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| CINCINNATI CHRISTIAN UNIVERSITY | : | **RULE 26(f) REPORT** |
| | : | **OF THE PARTIES** |
| Defendant. | : | |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 20, 2017, and was attended by:

    Kelly Mulloy Myers
        counsel for Plaintiff Don Thomason

    Felix Gora
        counsel for Defendant Cincinnati Christian University

2. The parties:

    \_\_\_\_\_ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

    \_\_X\_\_ will exchange such disclosures by **October 30, 2017**.

    \_\_\_\_\_ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

    \_\_\_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    \_\_X\_\_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    \_\_\_\_\_ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the

event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: **December 29, 2017.**

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: **January 30, 2018.**

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

   **Discovery will need to be conducted on the claims raised in Plaintiff's Complaint and Defendant's defenses thereto, as well as any alleged damages suffered by Plaintiff.**

   b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

   **At this time, the parties believe no changes will need to be made in the limitations on discovery set forth in the Federal Rules of Civil Procedure.**

   c. Additional recommended limitations on discovery:
   **None at this time.**

   d. Recommended date for the disclosure of lay witnesses:
   **June 29, 2018.**

   e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

   **The parties have not yet determined whether expert testimony is expected.**

   f. Recommended date for disclosure and report of Plaintiff(s) expert(s):
   **May 31, 2018.**

    g.      Recommended date for disclosure and report of Defendant(s) expert(s): **June 15, 2018.**

    h.      Recommended date for disclosure and report of rebuttal expert(s): **June 30, 2018.**

    i.      Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

          __X__ Yes

          _____ No

        i.    The parties have electronically stored information in the following formats:

**Regarding electronically stored information ("ESI"), the parties agree that if disclosure of ESI in other than hard copy becomes necessary, the parties will produce that ESI in adobe pdf format.**

**The parties have agreed that all documents that are protected by attorney-client privilege and/or work product doctrine shall be governed by Fed.R.Civ.P.26(b)(5)(B) and Fed.R.Evid.502. In the event a privilege log is necessary, the log shall set forth the date of the document, the names of sender and recipient, and a brief nature of the document. Such logs will be provided to the opposing party. The parties will attempt to resolve any disagreements as to the designation of any particular document as privileged, and if unable to do so, will provide the documents at issue to the Court for an *in camera* review and ruling.**

**In accordance with Fed.R.Civ.P.26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim, about the inadvertent disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for determination of the claim. The producing party must preserve the information until the claim is resolved.**

      ii.      The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

      **None.**

  j.    Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

      __X__ Yes

      _____ No

      i.      The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

      **None.**

      ii.      Have the parties agreed on a procedure to assert such claims **AFTER** production?

      _____ No

      __X__ Yes

      _____ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: **July 30, 2018.**

8. Recommended dispositive motion date: **September 10, 2018.**

9. Recommended date for status conference (if any): **August 13, 2018.**

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    **The parties are amenable to Mediation and/or settlement conference.**

11. Recommended date for a final pretrial conference: **November 30, 2018.**

12. Has a settlement demand been made? **Yes**   A response? **Yes**

13. Other matters pertinent to the scheduling or management of this litigation:
    **None at this time.**


Respectfully submitted,


| /s/ Kelly Mulloy Myers | /s/ Felix J. Gora (per authorization) |
|---|---|
| Kelly Mulloy Myers (0065698) | Felix J. Gora (0009970) |
| FREKING MYERS & REUL LLC | Rendigs, Fry, Kiely & Dennis, LLP |
| 600 Vine Street, Ninth Floor | 600 Vine Street, Suite 2050 |
| Cincinnati, OH 45202 | Cincinnati, OH 45202 |
| (513) 721-1975/Fax: (513) 651-2570 | (513) 381-9278/Fax: (513) 381-9206 |
| *kmyers@fmr.law* | *FJG@rendigs.com* |
| | |
| Trial Attorney for Plaintiff | Trial Attorney for Defendant |